IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO. 1:18-CR-45

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS JAMES CUSICK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT ORDER

This matter is before the Court on a Consent Order filed by the United States, and Third-Party Movants Tina Vanbuskirk, Matthew Kele Vanbuskirk, and Kristopher Mark Murphy Vanbuskirk, a minor. This Consent Order arises in the context of an ancillary proceeding under Fed. R. Crim. P. 32.2(c), through which the claims of third parties who contest an order of forfeiture in a criminal case may be adjudicated.

On June 15, 2018, the Court issued a Consent Order and Judgment of Forfeiture, under which various firearms and ammunition that were seized in connection with the underlying criminal case against Defendant Thomas Cusick were forfeited to the United States. (ECF No. 17). On July 2, 2018, Tina Vanbuskirk filed a motion, claiming an interest in the forfeited property. (ECF No. 19). On July 10, 2018, Ms. Vanbuskirk's sons, Matthew Vanbuskirk and

1

Kristopher Vanbuskirk (a minor, who is now 17 years of age), filed a joint motion, also claiming an interest in the forfeited property. (ECF No. 22).

These motions raised several issues, including which claimant asserted an interest in which items of forfeited property, and whether some of the claimants had asserted a claim to the same property. Additionally, because Kristopher Vanbuskirk is a minor, his motion presented the issue of the appointment of a guardian ad litem.

After the filing of these motions, the United States and the Vanbuskirks engaged in discussions in an attempt to resolve their claims. On August 6, 2018, the United States filed a "Notice of Anticipated Resolution of Petitioner's Claims," setting forth a framework for the resolution of the Vanbuskirk's claims. (ECF No. 26). At that time, however, no guardian ad litem had been appointed for Kristopher Vanbuskirk.

Following hearings set by the Court on August 9, 2018, and September 5, 2018, the Court appointed Meghann Burke to be a guardian ad litem and legal representative for minor Kristopher Vanbuskirk. (ECF No. 32). Since then, the United States and the Movants have continued to work cooperatively to resolve their claims to the forfeited property.

Having engaged in this process, the United States and the Movants hereby consent to this Order as a final adjudication and settlement of all matters relating to

the property enumerated in the June 15, 2018 Consent Order and Judgment of Forfeiture (the "subject property"):

- Hi-Point C9, 9mm caliber pistol, SN: P1915130;
- Mossberg 500, 20 gauge shotgun, SN: U446836;
- Beretta PX4 Storm, .40 caliber pistol, SN: PY85079;
- Rock Island Armory, .45 caliber pistol, SN: RIA978510;
- Smith & Wesson, .22 caliber revolver, SN: 15768;
- Ruger 77/22 All Weather, .22 caliber rifle, SN: 701-35087;
- Steyr Mannlicher M, .30-06 caliber rifle, SN: 98495;
- Remington 700LH, .30-06 caliber rifle, SN: B6554617;
- Remington 550-1, .22 caliber rifle, no serial number;
- Palmetto State Armory PA-15, 5.56mm caliber rifle, SN: LW193531;
- A 12 gauge shotgun, SN: 1366;
- Lebeau Courally, 12 gauge shotgun, SN: 92777;
- Rossi 62SAC, .22 caliber rifle, SN: G342855;
- Rossi 62SA, .22 caliber rifle, SN: G423145;
- Winchester 1894, .30 caliber rifle, SN: 591130; and
- Approximately 1046 rounds of assorted ammunition.

Specifically, the United States and Movants stipulate and agree, and the Court finds as follows:

1. Movants filed timely claims in response to the Consent Order and Judgment of Forfeiture, and the Court has jurisdiction over the subject property.

2. This Court appointed Attorney Meghann K. Burke as Kristopher Mark Murphy Vanbuskirk's guardian ad litem and legal representative for this forfeiture matter.

3. None of the movants assert a claim to the Hi-Point C9, 9mm caliber pistol, SN: P1915130; Beretta PX4 Storm, .40 caliber pistol, SN: PY85079; or the

Remington 550-1, .22 caliber rifle, no serial number. Movants hereby agree to waive and release any claim to these three firearms.

4. The parties consent to James Lee Abel, an adult brother of Tina Vanbuskirk and uncle to Matthew and Kristopher Vanbuskirk, to serve as custodian of the firearms identified herein and agree that he is a suitable person for such purpose. Mr. Abel has been identified as an active duty member of the Coastguard who is trained in the safe handling and safekeeping of firearms.

5. Following the completion of the criminal case involving Defendant Cusick, including the expiration of all appeal deadlines, the United States agrees to release and return the following property to the Movants under the conditions set forth below:

    a) Tina Vanbuskirk:

Ms. Vanbuskirk agrees that her claim is limited to the Mossberg 500, 20 gauge shotgun, SN: U446836. Ms. Vanbuskirk further affirms under penalty of perjury that she is the sole owner of the Mossberg 500, 20 gauge shotgun, SN: U446836. The United States agrees to release and return this firearm to Ms. Vanbuskirk.

    b) Matthew Kele Vanbuskirk:

Matthew Vanbuskirk affirms under penalty of perjury that he is the sole owner of the following property:

- Rock Island Armory, .45 caliber pistol, SN: RIA978510;
- Remington 700LH, .30-06 caliber rifle, SN: B6554617;

- Palmetto State Armory PA-15, 5.56mm caliber rifle, SN: LW193531;
- Rossi 62SAC, .22 caliber rifle, SN: G342855;
- Approximately 1046 rounds of assorted ammunition

The United States agrees to release and return the above property to Matthew Vanbuskirk.

  c)  Kristopher Mark Murphy Vanbuskirk:

Kristopher Vanbuskirk affirms under penalty of perjury that he is the sole owner of the following property:

- Smith & Wesson, .22 caliber revolver, SN: 15768[1]
- Ruger 77/22 All Weather, .22 caliber rifle, SN: 701-35087;
- Steyr Mannlicher M, .30-06 caliber rifle, SN: 98495;
- Rossi 62SA, .22 caliber rifle, SN: G423145[2]

The United States agrees to release and return the Ruger 77/22 All Weather, .22 caliber rifle, SN: 701-35087; Steyr Mannlicher M, .30-06 caliber rifle, SN: 98495; and the Rossi 62SA, .22 caliber rifle, SN: G423145 to Kristopher Vanbuskirk. However, in light of federal and state law restrictions on a minor's possession of a

---

[1] The Smith & Wesson, .22 caliber revolver, SN: 15768 was previously claimed by and returned to Matthew and Kristopher's brother, Joshua Vanbuskirk, in a civil forfeiture settlement entered into in November 2010. *See United States v. Ruger, et al.*, Civ. No. 1:09-cv-197 (W.D.N.C.), ECF No. 45. Since that time, Joshua Vanbuskirk gifted this firearm to his brother, Kristopher Vanbuskirk.

[2] The Rossi 62SA, .22 caliber rifle, SN: G423145 was previously claimed by and returned to Matthew Vanbuskirk in the civil forfeiture settlement agreement entered referenced above. *See United States v. Ruger, et al.*, Civ. No. 1:09-cv-197 (W.D.N.C.), ECF No. 45. Since that time, Matthew Vanbuskirk gifted this firearm to his brother, Kristopher Vanbuskirk.

handgun, James Abel, Kristopher Vanbuskirk's uncle, has agreed to act as the custodian of the Smith & Wesson, .22 caliber revolver, SN: 15768 until such time as Kristopher Vanbuskirk attains the age of 18 years old. Accordingly, the United States agrees to release and return the Smith & Wesson, .22 caliber revolver, SN: 15768 to James Abel as custodian for Kristopher Vanbuskirk.

   d)  Matthew Vanbuskirk/Kristopher Vanbuskirk

Matthew Vanbuskirk and Kristopher Vanbuskirk affirm under penalty of perjury that they each hold a 50% ownership interest in the following property:

- 12 gauge shotgun, SN: 1366
- Lebeau Courally, 12 gauge shotgun, SN: 92777;
- Winchester 1894, .30 caliber rifle, SN: 591130;

James Abel has agreed to act as a lawful custodian of the 12 gauge shotgun, SN: 1366; the Lebeau Courally, 12 gauge shotgun, SN: 92777; and the Winchester 1894, .30 caliber rifle, SN: 591130, until such time as Kristopher Vanbuskirk attains the age of 18 years old or Mr. Abel is instructed by Matthew and Kristopher Vanbuskirk, jointly, to lawfully sell these firearms and distribute the proceeds evenly. Accordingly, the United States agrees to release and return these three firearms to James Abel, as custodian for Matthew and Kristopher.

  6.  Tina Vanbuskirk, Matthew Vanbuskirk, Kristopher Vanbuskirk, and James Abel each understand and agree that under N.C. Gen. Stat. § 14-315, no person may give or transfer a handgun to a minor (under the age of 18 years old),

6

subject to the exceptions under N.C. Gen. Stat. §§ 14-269.7. Under N.C. Gen. Stat. § 14-269.7, a minor may not possess or carry a handgun, except if he "possesses a handgun for educational or recreational purposes while the minor is supervised by an adult who is present."

7. James Abel expressly agrees to maintain custody of the firearms referenced herein in accordance with state and federal law and in accordance with the terms of this Order.

8. The release and return of the above-referenced property to each Movant as listed above shall be in full settlement and satisfaction of all claims by Movants to the subject property enumerated in the Consent Order and Judgment of Forfeiture, and of all claims arising or relating to the incidents or circumstances giving rise to this case. Movants agree to settle and compromise each and every claim of any kind, whether known or unknown against the United States, and any of its agencies, agents, contractors or employees, in any way arising from or relating to the acts or omissions that gave rise to this action. Movants waive any rights to further litigate their interest in any of the subject property against the United States, and waive their rights to petition for remission or mitigation of the forfeiture.

9. Unless specifically directed by an order of the Court, Movants shall be excused and relieved from further participation in this action.

10. Each party to this ancillary proceeding, including Movants, shall bear their own costs, fees, and expenses, including any attorney's fees, save for those fees, costs, and expenses that have been ordered to be paid pursuant to the Criminal Justice Act.

11. Movants and Mr. Abel represent that they have thoroughly read and reviewed this Consent Order and voluntarily accept and agree to all of its provisions. This Consent Order sets forth the entire agreement between the parties and supersedes any and all prior agreements or understandings, oral or written, between the parties. The Movants and the United States acknowledge that this Consent Order fully and completely resolves all disputes and claims between them.

12. Tina Vanbuskirk, Matthew Vanbuskirk, Kristopher Vanbuskirk, and James Abel each affirm under penalty of perjury that they have never been convicted of a crime punishable by imprisonment for a term exceeding one year, and that they are otherwise not prohibited under state and federal law from possessing the firearms at issue.

13. The United States will submit a proposed final order of forfeiture to the Court that is consistent with the terms of this Consent Order.

IT IS THEREFORE ORDERED THAT:

1. The Motions are allowed to the extent described above.

2. Each party shall bear its own costs, including attorney's fees, save for those costs and fees that are previously ordered to be paid pursuant to the Criminal Justice Act.

3. The Court shall retain jurisdiction over this matter to enforce the terms of this Consent Order.

Signed this 9th day of October, 2018.

Signed: October 9, 2018

Martin Reidinger
United States District Judge

UNITED STATES DISTRICT JUDGE